IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD CURLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-1341-L** |
| | § | |
| JOSHUA GONZALEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment based on Qualified Immunity, filed September 23, 2016. Ronald Curley ("Curley" or "Plaintiff") did not file a response to the motion. After careful consideration of the motion, brief of Defendant Joshua Gonzalez ("Defendant" or "Gonzalez"), appendix, record, and applicable law, the court **grants** Defendant's Motion for Summary Judgment.

### I. Procedural Background

Curley filed this action on April 30, 2015, against Gonzalez. The lawsuit arises from a traffic stop performed by Gonzalez, a City of Dallas, Texas police officer, in which he detained Curley and ultimately arrested him on June 7, 2013, for unlawful possession of cocaine, a controlled substance under the Texas Health and Safety Code.

Plaintiff asserts federal claims pursuant to 42 U.S.C. §§ 1983[1] and 1985(3).[2] He sues for an unlawful and unreasonable seizure under the Fourth Amendment to the United States Constitution ("Constitution"), and deprivation of procedural and substantive due process pursuant to the Fifth and Fourteenth Amendments to the Constitution. Finally, he alleges state law claims for racial profiling, malicious prosecution, and negligence. Curley seeks $75,000 in actual damages, $500,000 in punitive damages, and recovery of attorney's fees.

Gonzalez has filed a motion for summary judgment requesting the court to grant summary judgment and dismiss all federal claims because there is no genuine dispute of material facts regarding the federal claims and Gonzalez is entitled to judgment as a matter of law on all of Plaintiff's federal claims.

With respect to Plaintiff's state law claims, Gonzalez requests that the court dismiss these claims pursuant to section 101.106(f) of the Texas Tort Claims Act, unless Plaintiff files within 30 days of the date Gonzalez filed his summary judgment motion an amended complaint dismissing Gonzalez and naming the City of Dallas as the proper defendant.

## II. Standards

### A. Motion for Summary Judgment Standard When No Response Is Filed

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.

---

[1] Title 42 U.S.C. § 1983 is a federal statute that allows a person to bring a civil action against another person who, acting under color of state law, deprives him or her of a right or privilege secured by the United States Constitution or laws of the United States.

[2] Title 42 U.S.C. § 1985(3) is a federal statute that "prohibits conspiracies to 'deprive . . . any person or class of persons the equal protection of the laws' and those aimed at preventing a person from voting." *Montoya v. FedEx Ground Package Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing 42 U.S.C. § 1985(3)).

R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences,

**Memorandum Opinion and Order – Page 3**

and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

As previously stated, Curley filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Curley's pleadings are not verified and, therefore, he has presented no summary judgment evidence, and the court is permitted to accept Gonzalez's evidence as undisputed as long as it meets the standard set forth in this section.

### B. Qualified Immunity Standard

Government officials who perform discretionary functions are entitled to the defense of qualified immunity, which shields them from suit as well as liability for civil damages, if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A defendant official must affirmatively plead the defense of qualified immunity. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Gonzalez has asserted this defense in his motion to dismiss.

In deciding a dispositive motion that raises the defense of qualified immunity, the Supreme Court initially set forth a mandatory two-part inquiry for determining whether a government official was entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Under *Saucier*, a court must determine first whether the facts alleged or shown are sufficient to make out a violation of a constitutional or federal statutory right. If the record sets forth or establishes no violation, no further inquiry is necessary. On the other hand, if the plaintiff sufficiently pleads or establishes that a violation could be made out, the court must determine whether the right at issue was clearly established at the time of the government official's alleged misconduct. *Id.*

The Court relaxed this mandatory sequence in *Pearson v. Callahan*, 555 U.S. 223 (2009), and stated, "[W]hile the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory," and judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 236. The second prong of the test "is better understood as two separate inquiries: whether the allegedly violated constitutional right[] [was] clearly established at the time of the incident; and if so, whether the conduct of the defendant[] [official] was objectively unreasonable in light of that then clearly established law."

**Memorandum Opinion and Order – Page 5**

*Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) (quoting *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) (internal quotation marks and citations omitted)); *see also Evans v. Ball*, 168 F.3d 856, 860 (5th Cir. 1999); *Hare v. City of Corinth,* 135 F.3d 320, 326 (5th Cir. 1998); *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995).

### III. Undisputed Facts

The following facts, for purposes of the court's ruling, are undisputed:

1. At all times relevant to the incident giving rise to Curley's claims, Gonzalez was employed by the City of Dallas as an officer of the Dallas Police Department ("DPD"). At all times relevant to the incident giving rise to Curley's claims, Gonzalez's duties as a DPD patrol officer included investigating crimes and making warrantless seizures of persons.

2. On June 7, 2013, at about 10:00 p.m., Gonzalez was in uniform and on routine patrol in a marked DPD squad car traveling westbound in the center lane of Wheatland Road near its intersection with South Polk Street in Dallas, Texas. Prior to reaching the intersection, Gonzalez signaled his intent to move from the center lane to the right lane of traffic. As Gonzalez prepared to change lanes, he saw a white 2004 Dodge Dakota pickup truck pull up alongside him in the right lane. Gonzalez slowed his patrol car to allow the Dakota to move ahead, but it neither accelerated nor decelerated to allow Gonzalez to move over to the right lane. The Dakota drove at the same rate of speed as did Gonzalez until the two vehicles reached the intersection.

3. Gonzalez saw the Dakota make a right turn northbound onto Polk Street. Once the Dakota turned onto Polk Street, Gonzalez changed lanes and continued his patrol northbound on Polk Street. Shortly thereafter, Gonzalez saw the Dakota make a right turn into the parking lot of a convenience store without signaling 100 feet before turning.

4. Texas Transportation Code § 545.104(b) requires that an operator of a motor vehicle intending to turn to the right or left signal continuously for not less than the last 100 feet of movement of the vehicle before the turn. A violation of Texas Transportation Code § 545.104(b) is a misdemeanor offense. Tex. Transp. Code § 542.301. Gonzalez performed a traffic stop on the Dakota by turning on his patrol car's overhead emergency lights. Gonzalez identified the driver of the Dakota as Ronald Curley.

5. Sometime after the traffic stop, Gonzalez observed, in plain view, a white powdered substance that appeared to be cocaine in a plastic cellophane wrapper. The substance was field tested, and the test was positive for cocaine. Curley was subsequently arrested for unlawful possession of cocaine, which is a criminal offense under section 481.115 of the Texas Health and Safety Code.

6. Gonzalez did not conduct the traffic stop because of Curley's ethnicity, nationality, or race, and he did not racially profile Curley. The traffic stop occurred at night, and the windows on the Dakota were "rolled up." Gonzalez could not see inside the Dakota, and he did not know the ethnicity, nationality, or race of Curley or the other two occupants in the Dakota prior to the traffic stop.

## IV. Discussion

### A. The Traffic Stop and Probable Cause

The constitutional tort of unreasonable seizure requires a showing that probable cause did not exist to seize the individual. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) (footnote omitted). The court, therefore, begins its analysis by setting forth the meaning of probable cause in the context of an arrest or detention. Probable cause means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution,

**Memorandum Opinion and Order – Page 7**

in believing, in the circumstances shown, that [one] has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo,* 443 U.S. 31, 37 (1979) (citations omitted). When determining whether a reasonable person would have believed that an offense occurred, a court considers the expertise and experience of law enforcement officials. *United States v. Garcia,* 179 F.3d 265, 268 (5th Cir. 1999) (citing *United States v. Ortiz,* 442 U.S. 891, 897 (1975)). "Probable cause 'does not demand any showing that [the belief that an offense was committed] be correct or more likely true than false.'" *Piazza v. Mayne,* 217 F.3d 239, 245-46 (5th Cir. 2000) (quoting *Texas v. Brown,* 460 U.S. 730, 742 (1983)). In determining whether probable cause exists, a court is required to find a basis for an officer to believe to a "fair probability" that an offense occurred. *Id.* (citing *United States v. Antone,* 753 F.2d 1301, 1304 (5th Cir. 1985)) (citations omitted). A "fair probability" does not mean that a reasonable person would have believed it more likely than not, which is a preponderance of the evidence standard, that an offense occurred. *Garcia,* 179 F.3d at *269; Antone,* 753 F.2d at 1304. It means "something more than a bare suspicion, but need not reach the fifty percent mark." *Garcia,* 179 F.3d at 269; *see also United States v. Watson,* 273 F.3d 599, 602 (5th Cir. 2001).

A police officer who has probable cause to believe that a person has committed even a minor offense may arrest the offender, and the arrest does not violate the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Based on the undisputed evidence presented by Gonzalez, he observed a violation of the Texas Transportation Code committed in his presence. Accordingly, probable cause existed for Gonzalez to stop and detain, and even arrest, Curley for the traffic offense, and no constitutional violation occurred.

### B. Plaintiff's Arrest for Possession of Cocaine

Once again, the undisputed evidence establishes that Gonzalez, based upon his training and experience, had probable cause to believe that Curley was in possession of cocaine, a violation of section 481.115 of the Texas Health and Safety Code. As probable cause existed, the arrest of Curley was lawful, and no constitutional violation occurred, and Gonzalez is entitled to judgment as a matter of law on the unlawful or unreasonable seizure claim asserted by Curley, and the court will grant summary judgment in his favor on this claim.

### C. Sections 1983 and 1985(3)

Section 1983 "provides a claim against anyone who, 'under color of state law,' deprives another person of his or her constitutional rights." *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (quoting *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc)). As Curley did not file a response and has produced no evidence to establish, or raise a genuine dispute of material fact, that he has been deprived of a federally protected right, his section 1983 claim fails as a matter of law, and the court will grant summary judgment in favor of Gonzalez on this claim.

With respect to section 1985(3), this statute "prohibits conspiracies to 'deprive . . . any person or class of persons the equal protection of the laws' and those aimed at preventing a person from lawfully voting." *Montoya v. FedEx Ground Package Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing 42 U.S.C. § 1985(3)). "To state a cognizable claim under § 1985(3), [a plaintiff] must allege that (1) a racial or class-based discriminatory animus lay behind the conspiracy and (2) the conspiracy aimed to violate rights protected against private infringement." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001) (citations and footnote omitted). Plaintiff has not provided any competent summary judgment evidence to establish, or raise a

**Memorandum Opinion and Order – Page 9**

genuine dispute of material fact, that Gonzalez conspired with anyone to deprive him of equal protection of the laws because of his race, ethnicity, nationality, or any class-based discriminatory animus; or to prevent him from lawfully voting. Accordingly, Gonzalez is entitled to judgment as a matter of law, and the court will enter summary judgment in his favor on this claim.

### D. Selective Prosecution and Racial Profiling

To the extent Curley asserts federal claims for selective prosecution or racial profiling, such claims necessarily fail. Gonzalez has produced competent summary judgment evidence that none of his actions in detaining and arresting Curley was racially motivated or based on any class-based discriminatory animus. As previously noted, Curley has offered no summary judgment evidence to contradict Gonzalez's testimony, or raise a genuine dispute of material fact, regarding the bases for his initial detention and subsequent arrest. Accordingly, Gonzalez is entitled to judgment as a matter of law on these claims, and the court will enter summary judgment in his favor on these claims.

### E. Due Process and Other Possible Federal Claims

Plaintiff's Complaint is not a model of pellucid draftsmanship. To ensure that the court has addressed and ruled on all of federal claims arguably raised by Curley, the court expressly determines that Plaintiff's procedural and substantive due process claims, and any other federal claim arguably raised but not specifically addressed in this opinion, necessarily fail because Gonzalez has produced competent summary judgment evidence that he did not violate any constitutionally protected right of Curley, and Curley has produced no summary judgment evidence to raise a genuine dispute of material fact that Gonzalez violated any of his constitutionally protected rights.

### F. Qualified Immunity

As the court has determined that no constitutional violation has occurred regarding any of the federal claims asserted by Plaintiff, the court need not discuss the second prong of qualified immunity. *Saucier v. Katz*, 533 U.S. at 201. In other words, the court has determined as a matter of law that Gonzalez committed no constitutional violation against Curley, and the second prong of the qualified immunity analysis is moot. Thus, the court will not engage in any further analysis of qualified immunity or address any arguments by Gonzalez that he is entitled to summary judgment because of qualified immunity.

### G. Plaintiff's State Law Claims

#### 1. Section 101.106(f)

Curley has asserted state law claims of racial profiling, malicious prosecution, and negligence. Gonzalez contends that the state law torts against him should be dismissed because Curley has not filed an amended pleading dismissing him and naming the City of Dallas as a defendant. The court agrees.

The relevant portion of the Texas Tort Claims Act provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (West 2011). Under Texas law, "[b]ecause the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or

together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W. 3d 653, 659 (Tex. 2008) (citation omitted). Although *Mission* involved an analysis and application of section 101.106(e), section 101.106(f) "must be governed by the same rule *Mission* applied in construing [section 101.106](e)." *Franka v. Velasquez*, 332 S.W. 3d 367, 380 (Tex. 2011).

From the allegations set forth in Plaintiff's Complaint and the undisputed facts, the court has no pause in determining that Curley filed this action against Gonzalez based on his conduct within the general scope of his duties as a police officer of the City of Dallas, and that the suit could have been brought against the City of Dallas under that chapter. Curley filed no amended pleading dismissing Gonzalez as a defendant and naming the City of Dallas as the defendant. Accordingly, Curley's state law claims of racial profiling, selective prosecution, and negligence will be dismissed pursuant to section 101.106(f). As the dismissal involves immunity, it appears to be a jurisdictional matter; therefore, the dismissal pursuant to section 101.106(f) will be without prejudice.

### 2. Supplemental Jurisdiction

Even if the state law claims should not be dismissed pursuant to section 101.106(f), an alternative basis exists to dismiss them pursuant to 28 U.S.C. § 1367. Under 28 U.S.C. § 1367, the court has supplemental jurisdiction over Plaintiffs' state law claims. Because the court has dismissed the federal claims over which it had original jurisdiction, the court must decide whether to retain jurisdiction over the remaining state law claims. Supplemental jurisdiction over state law claims is a "doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal law claims have been

**Memorandum Opinion and Order – Page 12**

dismissed. *See* 28 U.S.C. § 1367(c)(3); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Section 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In addition, other factors a court is to consider in determining whether to exercise supplemental jurisdiction over a state law claim include judicial economy, convenience, fairness, and comity. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *Enochs v. Lampass Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing *Carnegie-Mellon* and referring to "judicial economy, convenience, fairness, and comity[]" as the "common law factors").

The court has considered that no federal claims remain, and it has considered each of the common law factors. After such consideration, the court concludes that none of the common law factors warrants exercising jurisdiction over the state law claims and making an exception to the general rule that a federal court should decline the exercise of jurisdiction when no federal claims remain. Accordingly, the court declines to exercise jurisdiction over Curley's state law claims, and the court will dismiss them pursuant to 28 U.S.C. § 1367(c).

## V. Conclusion

For the reasons herein stated, the court **grants** Defendant's Motion for Summary Judgment as to Curley's federal claims. The court **dismisses with prejudice** all federal claims asserted against Gonzalez. With respect to the state law claims asserted by Curley, the court **dismisses them without prejudice** for the reasons herein stated. The court will enter judgment in accordance

with this opinion and order by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 30th day of September, 2017.

Sam A. Lindsay
United States District Judge