# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RONALD CURLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-1341-L** |
| | § | |
| JOSHUA GONZALEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Alter and Amend Judgment (Doc. 23), filed October 10, 2017. Plaintiff Ronald Curley ("Plaintiff" or "Mr. Curley") filed no reply to the response of Defendant Joshua Gonzalez ("Defendant" or "Officer Gonzalez"). After careful consideration of the motion, response brief, record and applicable law, the court, for the reasons that follow, **denies** Plaintiff's Motion to Alter and Amend Judgment (Doc. 23).

## I. Procedural Background

The procedural and factual background to this action is set forth in the court's Memorandum Opinion and Order filed September 30, 2017 (Doc. 21), and, therefore, the court will not set forth the background in punctilious detail.[1] Mr. Curley filed this action on April 30, 2015, against Officer Gonzalez. The lawsuit arises from a traffic stop performed by Officer Gonzalez, a City of Dallas, Texas police officer, in which he detained Mr. Curley and ultimately

---

[1] The court incorporates its Memorandum Opinion and Order of September 30, 2017, into this document as if repeated herein verbatim.

**Memorandum Opinion and Order – Page 1**

arrested him on June 7, 2013, for unlawful possession of cocaine, a controlled substance under the Texas Health and Safety Code.

Plaintiff asserted federal claims pursuant to 42 U.S.C. §§ 1983[2] and 1985(3).[3] He sued for an unlawful and unreasonable seizure under the Fourth Amendment to the United States Constitution ("Constitution"), and deprivation of procedural and substantive due process pursuant to the Fifth and Fourteenth Amendments to the Constitution. Finally, he alleged state law claims for racial profiling, malicious prosecution, and negligence. Curley sought $75,000 in actual damages, $500,000 in punitive damages, and recovery of attorney's fees.

On September 30, 2017, the court granted the motion for summary judgment of Officer Gonzalez, dismissed all federal claims against him with prejudice, dismissed all state claims without prejudice, and entered judgment in favor of Officer Gonzalez. In his motion pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), Mr. Curley requests the court to grant it, vacate its Memorandum Opinion and Order (Doc. 21), and reverse and stay the court's judgment.

Mr. Curley contends that his failure to respond to Defendant's summary judgment motion was not intentional or the result of contumacious conduct; that qualified immunity should not have been granted in favor of Officer Gonzalez; that the court should have appointed counsel to represent him; that summary judgment was improperly granted; that he was racially profiled; that he was maliciously prosecuted because no probable cause existed for his arrest and the criminal

---

[2] Title 42 U.S.C. § 1983 is a federal statute that allows a person to bring a civil action against another person who, acting under color of state law, deprives him or her of a right or privilege secured by the United States Constitution or laws of the United States.

[3] Title 42 U.S.C. § 1985(3) is a federal statute that "prohibits conspiracies to 'deprive . . . any person or class of persons the equal protection of the laws' and those aimed at preventing a person from voting." *Montoya v. FedEx Ground Package Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing 42 U.S.C. § 1985(3)).

**Memorandum Opinion and Order – Page 2**

charge for possession of a controlled substance was dismissed by the Dallas County District Attorney's Office; and that the court failed to allow him an opportunity to file an amended pleading.

Officer Gonzalez counters that the court should deny the motion to alter and amend the judgment because: (1) Mr. Curley fails to show that the court made a manifest error of law or fact; and (2) Mr. Curley has not come forth with any newly discovered evidence. Officer Gonzalez also argues that Mr. Curley's request to amend his pleadings should be denied. The court agrees with Officer Gonzalez that Mr. Curley's motion and arguments made therein are without merit.

## II.     Rule 59(e) Standard

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Edionwe v. Bailey,* 860 F.3d 287, 294 (5th Cir. 2017) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been

an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

### III.   Analysis

#### A.   No Manifest Error of Law or Fact Was Committed by the Court.

When the court issued the opinion on September 30, 2017, it based the opinion on the summary judgment record. As Plaintiff did not file a response to the motion for summary judgment, he was relegated to his unsworn pleadings, "which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991); *Johnston v. City of Houston, Tex.*, 11 F.3d 1056, 1060 (5th Cir. 1994) ("Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence.") (citation omitted).

In asserting that the court erred, Mr. Curley relies on the facts alleged in his Complaint. Since his Complaint is not verified or sworn to, the court could not consider or rely on it or the allegations therein as competent summary judgment evidence. Mr. Curley cannot now use what

**Memorandum Opinion and Order – Page 4**

was alleged in his Complaint to attempt to raise a genuine dispute of material fact. Accordingly, the court committed no manifest error of fact or law when it did not consider the facts alleged in Plaintiff's Complaint.

### B. No Newly Discovered Evidence Has Been Presented to the Court.

The "evidence" that Plaintiff points to regarding the facts alleged in his Complaint was available at the time Officer Gonzalez filed his motion for summary judgment. Thus, the alleged facts cannot be considered or classified as newly discovered evidence. Likewise, the attachments to the Complaint—the dismissal by the Dallas County District Attorney, Affidavit for Arrest Warrant, and True Bill of Indictment—were available to Plaintiff before Defendant Gonzalez filed his summary judgment motion. Aside from their availability, the three documents do nothing to create a genuine dispute of material fact regarding any claim asserted by Mr. Curley, as they do not contain facts that contradict Officer's Gonzalez's evidence or raise a genuine dispute of material fact regarding any claim alleged by Plaintiff.

Mr. Curley places too much significance on the dismissal of the "possession of cocaine" charge by the Dallas County District Attorney. Nothing in the dismissal even intimates that probable cause did not exist for Officer Gonzalez to arrest Mr. Curley for that offense. The dismissal simply states, "After investigation, it has been determined that this case should be dismissed in the interest of justice." The term "interest of justice" is an amorphous phrase capable of multiple meanings or interpretations, and the precise reason for dismissal of the cocaine charge is unknown. Irrespective of the subsequent action taken by the District Attorney's Office, the court previously determined, based upon the summary judgment record presented, that probable cause existed to arrest Mr. Curley for possession of cocaine, which is a violation of a Texas criminal statute.

**Memorandum Opinion and Order – Page 5**

### C. There Has Not Been an Intervening Change in the Controlling Law.

The court issued its opinion and judgment granting summary judgment on September 30, 2017. Plaintiff has not pointed to any intervening change in the controlling law, and the court has found none. As there has not been an intervening change in the controlling law since the court issued its decision, this cannot serve as a basis for the court to alter or amend the judgment it entered in this action.

### D. The Court Did Not Grant Summary Judgment Because Plaintiff Failed to Prosecute.

Part of Plaintiff's argument suggests that summary judgment was granted because he failed to prosecute. This argument is incorrect. Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") deals with failure to prosecute or comply with a court order. Nowhere in the court's opinion does it even mention Rule 41(b). When a party fails to respond to a summary judgment motion, the court is permitted to accept the movant's facts as undisputed. *Eversley v. Mbank, Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). This is precisely what the court did. The basis for the court's ruling was Rule 56, which pertains to summary judgment, not Rule 41(b).

To the extent that Mr. Curley argues that the court's decision was based on the erroneous assumption that his failure to respond was the result of intentional or contumacious conduct, he misapprehends the court's ruling. Once again, the sole reason for the court ruling in favor of Officer Gonzalez is that Mr. Curley presented no competent summary judgment evidence to raise a genuine dispute of material fact regarding his claims.

Further, it is not incumbent upon the court to notify litigants of their obligations. "Even *pro se* litigants must comply with procedural rules." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010); *Birl v. Estelle*, 660 F. 2d 592, 593 (5th Cir. 1981) (holding that a

*pro se* "litigant acquiesces in and subjects himself to the established rules of practice and procedure.") Local Civil Rules LR 7.1(e) and LR 56.1 of the Northern District of Texas require that a response to a summary judgment motion be filed within 21 days after the motion is filed. Mr. Curley filed no response, and he did not ask for an extension or seek clarification of any court order. Mr. Curley was not required to file a response, but, if he elected to do so, he had to file it within the 21-day period. His failure to file, however, left him without any competent summary judgment evidence. Accordingly, he has no valid basis to object to the court's earlier ruling at this juncture.

### E. The Appointment of Counsel Was Not Warranted Under Existing Precedent.

Mr. Curley contends that the court should have appointed counsel to represent him in this action. To the extent he argues that the denial of his motion to appoint counsel is a basis to alter and amend the judgment, the court disagrees.

On May 1, 2015, the court referred Plaintiff's Motion for the Appointment of Counsel (Doc. 5) to the Honorable United States Magistrate Judge Irma Carrillo Ramirez for hearing and determination. Judge Ramirez denied the motion because Mr. Curley failed to show that his civil rights case was "exceptional." The denial was without prejudice. Although Mr. Curley could have objected to Judge Ramirez's ruling pursuant to 28 U.S.C. § 636(b)(1)(A) or Federal Rule of Civil Procedure 72(a) and asked this court to review the ruling, he did not do so. Even though he did not request the court to review Judge Ramirez's ruling, the court independently reviewed the decision and agrees with Judge Ramirez's ruling. Finally, Mr. Curley did not renew his motion for appointment of counsel at any time before the court ruled on Officer Gonzalez's summary judgment motion, which he could have done since the denial was without prejudice.

### F. Plaintiff's Claims of Racial Profiling and Malicious Prosecution Do Not Warrant Altering the Judgment.

In his motion, Mr. Curley seeks to set forth evidence regarding racial profiling and malicious prosecution. The court need not address these matters because the arguments relate to and are inextricably intertwined with Mr. Curley's failure to produce competent summary judgment evidence to defeat Officer Gonzalez's summary judgment motion. The court's ruling on the summary judgment motion and what it has set forth in this document necessarily show that these two matters are insufficient to justify granting the motion to amend or alter the judgment.

### G. An Amendment of Mr. Curley's Pleadings Is Unwarranted.

The basis for Plaintiff's request to amend his Complaint reflects a misunderstanding of the standards regarding pleadings and summary judgment proof, which also is a mistake often made by attorneys. He states as follows:

> Under the Federal Rules of Civil Procedure the defendant should have [petitioned] the court and filed a motion to amend complaint. Because the court has the authority to compel the plaintiff to file an amended complaint which complies with the Federal Rules and Pleading Standards. Once the defendant has answered[,] an amended complaint can only be filed and served with leave of court.

Pl.'s Mot. to Alter & Amend J. 6. It appears that Mr. Curley is confused and believes that he should be allowed to file an amended pleading. The court has ruled that Plaintiff's Complaint was sufficient to state a claim and defeat Officer's Gonzalez's qualified immunity defense at the pleading stage (Doc. 17). The court makes this observation regarding pleadings because Plaintiff cites *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). These cases deal with the sufficiency of a pleading and what must be pleaded to state a claim upon which relief can be granted to defeat a motion to dismiss.

Under *Twombly* and *Iqbal*, the court only tests the adequacy of the pleading, that is, whether it states a viable claim. The court does not evaluate a plaintiff's likelihood of success; instead, the court only determines whether a plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). What Plaintiff fails to understand is that at the summary judgment stage, he must come forward with competent summary judgment proof to raise a genuine dispute of material fact regarding his claims. He did not do this, and Officer Gonzalez's summary judgment evidence convinced the court that no genuine dispute of material fact existed regarding Plaintiff's claims and that Officer Gonzalez was entitled to judgment as a matter of law, which is why the court granted summary judgment in his favor.

Mr. Curley's request to amend his Complaint is not well-founded. He has not provided the court with any justifiable reason to amend his Complaint or how an amended pleading would revive any of his claims. His Complaint needs no amendment. His misstep was not the failure to state a claim upon which relief could be granted but the failure to produce competent summary judgment evidence.

Further, "[w]hen a district court dismisses an action and enters a final judgment, . . . a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citations omitted). Plaintiff seeks to amend pursuant to Rule 59(e); however, he has failed to meet the requirements for relief under this rule to alter or amend the judgment, and the court will deny his request to amend his Complaint.

**IV.     Conclusion**

For the reasons herein stated, Mr. Curley has failed to meet the requirements that warrant the court to alter or amend its judgment, and the court **denies** Plaintiff's Motion to Alter and Amend Judgment (Doc. 23).  Further, the court **denies** Plaintiff's request to amend his Complaint.

**It is so ordered** this 12th day of April, 2018.

Sam A. Lindsay
United States District Judge